SUMMARY ORDER
Petitioner-appellant Steven Singleton appeals the District Court’s February 9, 2007 judgment denying his habeas corpus petition, which alleged ineffective assistance of counsel at his New York state trial. The District Court granted a certificate of appealability with respect to petitioner’s claim that trial counsel was ineffective for eliciting inadmissible hearsay, and we granted a certificate of appealability with respect to petitioner’s claim that counsel was ineffective for failing to consult with an expert witness and for failing to call such a witness at trial. We assume the parties’ familiarity with the facts and procedural history of the case.
We review de novo the District Court’s denial of the writ. See, e.g., Doe v. Menefee, 391 F.3d 147, 163 (2d Cir.2004). Because petitioner’s claims of ineffective assistance were presented to the state courts and adjudicated on the merits, see People v. Singleton, 284 A.D.2d 249, 726 N.Y.S.2d 561 (1st Dept.2001), aff'd 97 N.Y.2d 761, 742 N.Y.S.2d 622, 769 N.E.2d 368 (2002), we may issue the writ only if the state court’s resolution of the claim “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1). In other words, we may disturb the state court’s determination only if its application of Supreme Court precedent manifests “some increment of incorrectness beyond error,” although the “increment need not be great.” Henry v. Poole, 409 F.3d 48, 68 (2d Cir.2005) (internal quotation marks and citation omitted).
Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a petitioner to show both that his trial counsel’s assistance was objectively unreasonable and that, but for counsel’s ineffectiveness, there is a reasonable probability that the outcome at trial would have been different.
In this case, the Magistrate Judge concluded that trial counsel was not objectively deficient in failing to call as a witness a psychological expert, but the Magistrate Judge determined that counsel’s failure to object to inadmissable hearsay — to wit, details of the offense revealed by witnesses whose testimony simply recounted what the victim had told them — amounted to ineffective assistance of counsel. On this, ground alone, the Magistrate Judge found the state court’s application of Strickland to be unreasonable and recommended that the District Court grant the writ. However, the District Court disagreed with the Magistrate Judge. The Court noted, “Although the Court is far from convinced that it would have reached the same conclusion as the state court in weighing coun *562 sel’s proffered strategic justification and finds [the Magistrate Judge’s] analysis of the merits thoughtful and compelling, the Court cannot conclude that the state court’s application of Strickland was objectively unreasonable.” Singleton v. Davis, No. 03 Civ. 1446, slip. op. at 2, 2007 WL 152136 (S.D.N.Y. Jan. 18, 2007) (opinion and order). Cf. Williams v. Taylor, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (“Stated simply, a federal habe-as court making the ‘unreasonable application’ inquiry should ask whether the state court’s application of clearly established federal law was objectively reasonable.”). Accordingly, the District Court denied the writ.
Like the District Court and the Magistrate Judge, we conclude that trial counsel was not deficient in making a strategic decision not to call as a witness an expert in child psychology. See Greiner v. Wells, 417 F.3d 305, 323 (2d Cir.2005) (“The decision not to call a particular witness is typically a question of trial strategy that [reviewing] courts are ill-suited to second-guess .... [C]ounsel’s decision as to whether to call specific witnesses — even ones that might offer exculpatory evidence — is ordinarily not viewed as a lapse in professional judgment.” (internal quotation marks and citation omitted) (brackets in original)).
We also agree with the District Court’s finding that the state court did not unreasonably apply Strickland in determining that trial counsel’s failure to object to inadmissible hearsay did not amount to ineffective assistance of counsel. The record demonstrates that counsel’s failure to object to the admission of second-hand accounts of the offense — his decision to elicit hearsay in at least one instance — was part of a strategy designed to highlight for the jury what defense counsel perceived to be an inconsistency between the victim’s testimony and the physical evidence presented by the prosecution. See Loliscio v. Goord, 263 F.3d 178, 195 (2d Cir.2001) (“[I]n case after case, we have declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised.” (internal quotation marks and citation omitted)). In any event, petitioner has failed to demonstrate that counsel’s failure to object to inadmissible hearsay prejudiced him at trial.
Accordingly, the state court did not unreasonably apply Strickland in this case, and the District Court did not err in denying the writ. The February 9, 2007 judgment entered by the District Court is AFFIRMED.